UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERMAINE STAR D.,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,[1]<br><br>　　　　　　　　　　　　Defendant. | Case No.: 3:25-cv-01162-AHG<br><br>**ORDER GRANTING JOINT MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (28 U.S.C. § 2412(d))**<br><br>**[ECF Nos. 17, 19]** |

　　　　Before the Court is the parties' Joint Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act ("Joint Motion") and the parties' Joint Supplemental Brief Regarding Attorney Fees ("Supplemental Brief"). ECF Nos. 17, 19. For the reasons set forth below, the Court **GRANTS** the Joint Motion.

---

[1]Although Plaintiff originally brought this action against Former Commissioner Leland Dudek, this case may properly proceed against Frank Bisignano pursuant to Fed. R. Civ. P. 25(d).

1

## I.    BACKGROUND

The underlying action involves Plaintiff's appeal of the Social Security Administration's denial of her applications for disability insurance benefits and supplemental security income. ECF No. 1. On January 19, 2026, the parties submitted a Joint Motion for Judicial Review. ECF No. 12. On May 18, 2026, the Court entered an Order resolving the Joint Motion for Judicial Review, reversing the Commissioner's decision, and remanding this action for the calculation and award of benefits to Plaintiff. ECF No. 14.

On June 5, 2026, the parties filed their Joint Motion seeking an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), in the amount of $9,500.00. ECF No. 17. Because the Joint Motion did not provide sufficient information regarding the hours expended, hourly rates, or counsel's qualifications, the Court ordered supplemental briefing. ECF No. 18. On June 23, 2026, the parties filed their Joint Supplemental Brief, together with an itemized billing statement and information regarding counsel's qualifications and billing rates. ECF No. 19.

The supplemental materials reflect that Plaintiff's counsel expended 39.00 attorney hours and 0.50 paralegal hours in this action, resulting in a lodestar of $10,142.44. ECF No. 19-1; ECF No. 19-2. The parties agreed to reduce the requested EAJA award to $9,500.00. ECF No. 19-2.

## II.    THRESHOLD ISSUE OF TIMELINESS

According to the EAJA, an application for fees must be filed "within thirty days of final judgment." 28 U.S.C. § 2412(d)(1)(B). A final judgment is "a judgment that is final and not appealable . . . ." 28 U.S.C. § 2412(d)(2)(G). The Ninth Circuit has held that the EAJA's 30-day filing period does not begin to run until after the 60-day appeal period in Federal Rule of Appellate Procedure 4(a).[2] *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 612

---

[2] Federal Rule of Appellate Procedure 4(a) provides that a "notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from" if one of

(9th Cir. 2007).

Here, judgment was entered on May 27, 2026, and the Joint Motion was filed on June 5, 2026. ECF Nos. 16, 17. The motion was filed within thirty days after expiration of the 60-day appeal period and therefore falls within the EAJA filing period. Accordingly, Plaintiff met the deadline to file a timely motion for EAJA fees.

## III.    DISCUSSION

Under the EAJA, a litigant is entitled to attorney fees and costs if: "(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005). The Court will address these elements in turn.

### A.    Prevailing party

A plaintiff is a prevailing party if she "has 'succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit.'" *Ulugalu v. Berryhill*, No. 17cv1087-GPC-JLB, 2018 WL 2012330, at *2 (S.D. Cal. Apr. 30, 2018) (quoting *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993)). Plaintiff is the prevailing party because she successfully obtained a reversal of the Commissioner's decision and a remand of her case for the calculation and award of benefits. ECF Nos. 14, 16; *Shalala*, 509 U.S. at 300–01.

### B.    Substantial justification

The government bears the burden of proving that its position, both in the underlying administrative proceedings and in the subsequent litigation, was substantially justified. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013).

Here, the parties have stipulated to the EAJA amount and explain that the stipulation "constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees[.]" ECF

---

the parties is the United States or a United States officer sued in an official capacity. Fed. R. App. P. 4(a)(1)(B).

3:25-cv-01162-AHG

No. 17 at 2. Although Defendant's stipulation does not constitute an admission of liability on its part, the compromise nature of the request is sufficient to find the second element met, given that Defendant has stipulated to the attorney fees and does not argue that Plaintiff's position was substantially unjustified. *See* ECF Nos. 17, 19; *Krebs v. Berryhill*, No. 16cv3096-JLS-BGS, 2018 WL 3064346, at *2 (S.D. Cal. June 21, 2018); *see also Black v. Berryhill*, No. 18cv1673-JM-LL, 2019 WL 2436393, at *1 (S.D. Cal. June 11, 2019) (finding the second element met because, "in light of the joint nature of the parties' request and the court's prior order remanding this action, the government has not shown that its position was substantially justified.").

### C. Reasonableness of Hours

The parties seek a fee award for 39.50 hours billed by Plaintiff's counsel and the paralegal. ECF No. 19-1. The Court finds the number of hours billed by Plaintiff's counsel and the paralegal to be reasonable. *See* 28 U.S.C. § 2412(d). The total number of hours billed is within the typical range seen in social security appeals. *See, e.g.*, *Costa v. Comm'r of SSA*, 690 F.3d 1132, 1136 (9th Cir. 2012) (explaining that "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases"); *Stearns v. Colvin*, No. 3:14-CV-05611 JRC, 2016 WL 730301, at *5 (W.D. Wash. Feb. 24, 2016) (collecting cases to establish that the typical number of hours reported for counsel in a social security case ranged from 18-40 hours). The supplemental materials reflect a lodestar of $10,142.44, but the parties agreed to reduce the requested EAJA award to $9,500.00. ECF No. 19-2 at 1–2. Therefore, the Court will not question counsel's judgment that the hours expended were necessary to achieve the favorable result for the client in this case. *See Costa*, 690 F.3d at 1136 (reiterating the Ninth Circuit's previous position that "courts should generally defer to the 'winning lawyer's professional judgment as to how much time [she] was required to spend on the case.'") (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112–13 (9th Cir. 2008)).

//

//

3:25-cv-01162-AHG

**D.      Reasonableness of Hourly Rate**

The EAJA provides that the Court may award reasonable attorney fees "based upon prevailing market rates for the kind and quality of the services furnished," but "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit has established that "the EAJA provides for an upward adjustment of the $125 rate contained in the statute, based on cost-of-living increases[.]" *Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005). Accordingly, the Ninth Circuit has set its own statutory maximum EAJA rates, factoring in annual increases in the cost of living. The most recently published statutory maximum EAJA rate for attorney work in the Ninth Circuit is $258.46. *See* United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited June 30, 2026); *see also Black*, 2019 WL 2436393, at *1 (considering the Ninth Circuit's hourly EAJA rate a reasonable rate).

Consistent with the Ninth Circuit's hourly EAJA rates, Plaintiff's counsel billed at a rate of $258.46 per hour. ECF No. 19-2 at 1. Additionally, paralegal time was billed at a rate of $125.00 per hour. *Id.* As such, the Court finds that the hourly rates billed by counsel and the paralegal are reasonable.

**E.      Assignment of Rights to Counsel**

The parties jointly request that fees be made payable to Plaintiff, but that if the Department of the Treasury determines Plaintiff does not owe a federal debt, payment may be made directly to Plaintiff's attorney pursuant to Plaintiff's assignment. ECF Nos. 17, 19.

The Supreme Court has held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010). Nonetheless, "district courts have recognized that *Ratliff* does not prevent payment of a fee award

3:25-cv-01162-AHG

directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu*, 2018 WL 2012330, at *4–*5 (reviewing Plaintiff's assignment agreement and ordering that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt); *Bell v. Berryhill*, No. 16cv809-MMC, 2018 WL 452110, at *5 (N.D. Cal. Jan. 17, 2018) (same); *Blackwell v. Astrue*, No. CIV-08-1454-EFB, 2011 WL 1077765, at *4–*5 (E.D. Cal. Mar. 21, 2011) (same); *see also Calderon v. Astrue*, No. 08cv1015-GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 21, 2010) ("Plaintiff, as the prevailing litigant, would normally be awarded the fees described above, subject to any offset for applicable government debts. Defendant, however, seems to be content to permit payment to Plaintiff's counsel if Plaintiff does not have any qualifying government debt . . . This Court finds the government's position to be reasonable and will therefore permit payment to Plaintiff's counsel provided Plaintiff has no government debt that requires offset"); *cf. Hernandez v. Berryhill*, No. 15cv1322-DB, 2017 WL 2930802, at *3 (E.D. Cal. July 10, 2017) (declining to order that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt, because the parties failed to produce evidence of an assignment agreement).

The parties represent that Plaintiff executed an assignment of EAJA fees to counsel. ECF Nos. 17, 19. Accordingly, if Plaintiff has no federal debt that is subject to offset, the award of fees may be paid directly to Plaintiff's counsel pursuant to the asserted assignment.

## IV. CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that:

1. The parties' Joint Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (ECF No. 17), as supplemented by the Joint Supplemental Brief (ECF No. 19), is **GRANTED**;

2. Plaintiff is awarded attorney fees under the EAJA in the amount of $9,500.00; and

3:25-cv-01162-AHG

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010), any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government may make payment directly to Plaintiff's counsel pursuant to the parties' representation that Plaintiff executed an assignment of EAJA fees.

**IT IS SO ORDERED**.

Dated:  July 13, 2026

_____
Honorable Allison H. Goddard
United States Magistrate Judge

3:25-cv-01162-AHG